**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.  ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |

**Not for Publication**

LETTER OPINION AND ORDER

January 20, 2010

**VIA CM/ECF**
All counsel of record

      Re:   Casabona Properties, LLC v. Convire, Inc.
            **Civil Action No. 08-cv-1992 (KSH)(MAS)**

Dear Counsel:

      This matter comes before the Court upon Plaintiff Casabona Properties, LLC's ("Casabona" or "Plaintiff") motion to hold nonparty Michael Olszewski ("Olszewski") in contempt. (Docket No. 13.) For the reasons set forth below, Plaintiff's motion is denied without prejudice.

**I.    FACTUAL BACKGROUND**

      On April 23, 2008, Casabona filed a complaint seeking monetary damages against Convire, Inc. ("Convire") arising out of an alleged breach of contract. (Compl. ¶ 1.) Casabona claimed that Convire executed a Promissory Note and Security Agreement, pursuant to which Casabona loaned Convire $634,500.00 at 5% yearly interest. (Compl. ¶ 7.) The debt was secured by a lien, in favor of Casabona, on Convire's furniture, fixtures, equipment and proceeds. (Compl. ¶ 7.) On September 5, 2009, the District of New Jersey entered a default judgment against Convire and issued an Order of Replevin of personal property held by Convire. (Pl.'s Notice of Mot. Ex. A; Pl.'s Notice of Mot. Ex. B.) According to Casabona, the equipment and

property subject to the lien were removed from Convire's office in Florida. (Pl.'s 10/9/09 Certification ¶ 2.)  Casabona maintains that Olszewski, who is a not a party to the underlying litigation between Casabona and Convire, has knowledge of the whereabouts of the property and equipment.  *Id.*

On July 9, 2009, Plaintiff served an Information Subpoena Duces Tecum (the "Subpoena") directed at Olszewski on his administrative assistant in Cicero, Illinois. (Pl.'s Certification of Service ¶ 2, Doc. No. 13.)  The Subpoena required Olszewski to appear and give testimony at the office of Casabona's attorney in West Caldwell, New Jersey, or alternatively to comply with the Subpoena by providing documentation and information to Plaintiff's attorney in New Jersey.  (Olszewski's Opp'n Br. 1.)  Olszewski did not comply.  On September 3, 2009, Plaintiff filed the instant motion requesting an order to hold Olszewski in contempt for failing to comply with the Subpoena.  Olszewski filed his opposition on September 21, 2009.

Olszewski opposes Casabona's motion and asserts that the Subpoena is defective because it fails to recite the text of Rule 45(c)-(d) of the Federal Rules of Civil Procedure.  (Olszewski's Opp'n Br. 3.)  Additionally, Olszewski contends that he was improperly served because the Subpoena was delivered more than 100 miles from the District of New Jersey and did not comply with the personal delivery requirement.  *Id.* at 2-4.  In his opposition, Olszewski also urges the Court to vacate Casabona's default judgment against Convire.  *Id.* at 4.  Since the instant motion concerns the Subpoena, not the underlying suit, the court declines to address Olszewski's request *sua sponte*.[1]  The sole issues before the Court are whether the Subpoena satisfied the

---

[1] Olszewski, who is a not a party to the underlying suit, claims that he has not previously appeared before the Court in the underlying suit, and asserts that he is not an officer, director, employee, or registered agent of Convire. (Olszewski's Opp'n Br. 2-3.)  Therefore, Olszewski has not demonstrated that he has standing to make this request. In addition, opposing counsel would have the opportunity to formally oppose a properly filed motion to vacate default judgment.

requirements set forth by Rule 45 of the Federal Rules of Civil Procedure and, if so, whether Olszewski's conduct rose to the level of contempt.

**II.     DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 45(e), the court "may hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(e).  The court is required to excuse a nonparty's failure to obey a subpoena if it requires the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).  *Id.*  "A finding of civil contempt must be supported by clear and convincing evidence." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1321 (3d Cir. 1995)(citing *Quinter v. Volkswagen of America*, 676 F.2d 969, 974 (3d Cir. 1982)).

To be valid, a subpoena must: (1) state the court from which it issued; (2) state the title of the action, the court in which it is pending, and its civil-action number; (3) command the subject of the subpoena to attend and testify; produce documents, electronically stored information, or tangible things in the person's possession, custody or control; or permit the inspection of premises; and (4) set out the text of Rule 45(c) and (d). FED. R. CIV. P. 45(a)(1)(A)(i)-(iv).  The Subpoena at issue in the present case was defective because it failed to set forth the text of subparagraphs (c) and (d) of Federal Rule of Civil Procedure 45.

In addition, the Subpoena was improperly served.  Rule 45(b)(2) of the Federal Rules of Civil Procedure establishes territorial restrictions on the service of subpoenas. A subpoena may be served at any location: (A) within the issuing district; (B) outside the issuing district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection; (C) "within the state of the issuing court if a state statute or court rule allows service

at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection"; or (D) "that the court authorizes on motion and for good cause, if a federal statute so provides." FED. R. CIV. P. 45(b)(2). Here, the Subpoena was issued by the District of New Jersey and served in Cicero, Illinois, which is clearly outside the issuing district and the 100 mile bulge.

### III.  CONCLUSION

For the above reasons, Plaintiff's motion to hold nonparty Michael Olszewski in contempt is denied without prejudice.

        s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**